**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, : | CIVIL ACTION NO. 14-6561 (MLC) |
| : | |
| Plaintiff, : | **MEMORANDUM OPINION** |
| : | |
| v. : | |
| : | |
| MARC FRIEDLAND, et al., : | |
| : | |
| Defendants. : | |

**THE PLAINTIFF** — Ford Motor Credit Company LLC ("FMLLC") — brought this action ("District Court Action") on October 22, 2014 to recover damages for the breach of certain guaranties against the defendants, Marc Friedland and Francine Noce. (See dkt. entry no. 1, Compl.)  FMLLC alleges that the defendants are liable for the indebtedness incurred by Epic Auto Leasing, LLC ("EAL"), and asserts subject-matter jurisdiction under 28 U.S.C. § ("Section") 1332(a).  (Id. at 1–3.)

**THE COURT** intends to dismiss the complaint without prejudice, because the complaint is deficient on several grounds.  See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss if subject-matter jurisdiction is lacking).

**CITIZENSHIP**

FMLLC alleges that: (1) it "is a Delaware limited liability company, with its principal place of business [in] Dearborn, Michigan"; (2) "Ford Holdings LLC is the sole member of [FMLLC]"; (3) "Ford Holdings LLC is a Delaware limited liability company

with its principal place of business in Dearborn, Michigan"; and thus (4) FMLLC "is a citizen of the States of Delaware and Michigan". (Compl. at 2–3.)

Limited liability companies are unincorporated associations, and thus deemed to be citizens of the states in which all of their members are citizens, not the states in which they were formed and have their principal places of business. See VICI Racing v. T-Mobile USA, 763 F.3d 273, 282 (3d Cir. 2014). FMLLC fails to trace through however many layers of members there may be to determine its citizenship, i.e., that of Ford Holdings LLC's members, the members of Ford Holdings LLC's members, and so on. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); see also Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (criticizing party for "fail[ing] to trace the ownership of [a party] past the first layer of partners, which is necessary where as here a partnership has as one of its partners a second partnership", because "it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on)"; Preferred Merch. Hood, LLC v. Family Dollar, Inc., No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006) (finding allegation that party was a Massachusetts citizen because it had "two members: . . . a Massachusetts limited liability company . . . and . . . a Massachusetts limited partnership" to be "meaningless" to jurisdictional inquiry). The name and citizenship of each member must be "affirmatively and distinctly" stated. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006).

2

FMLLC also fails to allege Friedland's citizenship and Noce's citizenship. FMLLC merely alleges that Friedland and Noce are New Jersey citizens "[u]pon information and belief". (Compl. at 3.) An allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties". Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999).[1]

The Court will dismiss the complaint without prejudice because FMLLC fails to show that complete diversity of citizenship exists here. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 88–89 (2005) (requiring complete diversity between each plaintiff and each defendant).

## LOCAL CIVIL RULES

EAL petitions for bankruptcy relief ("Bankruptcy Matter") in the United States Bankruptcy Court for the District of New Jersey, Newark Vicinage ("Bankruptcy Court"). See In re Epic Auto Leasing, LLC, Bankr. D.N.J. No. 10-25207 ("In re EAL"), dkt. entry no. 1, 5-18-10 Pet. Noce is EAL's president, and is listed as a creditor and a codebtor. Id. at 3; see In re EAL, dkt. entry no. 1, Scheds. F & H. FMLLC has a claim pending therein. See In re EAL, dkt. entry no. 60, 5-20-14 Order. The docket for the Bankruptcy Matter reveals that it remains open, and that the claims asserted in the District Court Action are hopelessly intertwined with the issues before the Bankruptcy Court.

---

[1] FMLLC has merely voluntarily dismissed its claims against Friedland "without prejudice". (See dkt. entry no. 6, Voluntary Dismissal Notice.) FMLLC must still demonstrate Friedland's citizenship, because the voluntary dismissal was not with prejudice.

FMLLC is required by the Local Civil Rules to certify "whether the matter in controversy is the subject of any other action pending in any court, . . . and, if so, the certification . . . shall identify each such action . . . and all parties thereto".  L.Civ.R. 11.2. Instead, FMLLC asserts that "the matter in controversy is not the subject of any other action pending in any Court".  (Compl. at 9; see also dkt. entry no. 1-1, Civil Cover Sheet (leaving blank "Related Case(s) If Any" section).)  Because the Clerk of the District Court was not notified of the Bankruptcy Matter, the District Court Action was not assigned to the District Court's Newark Vicinage.

The Court also notes that the complaint is incomplete.  FMLLC refers to several exhibits in the complaint.  (See Compl. at ¶¶ 15, 17–18, 22–30, 33, 46.)  But FMLLC fails to file those exhibits.  See L.Civ.R. 5.2(8) (requiring party to annex "all documents referenced as exhibits or attachments").

The Court is authorized to impose harsh penalties to enforce the Local Civil Rules. See Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004); United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 214 (3d Cir. 2009) (affirming dismissal of class action claim, because plaintiff did not comply with relevant local civil rule).  The Court, if not dismissing the complaint for FMLLC's failure to properly assert subject-matter jurisdiction, would dismiss the complaint for FMLLC's failure to abide by Local Civil Rules 11.2 and 5.2(8).

**FMLLC'S OPTIONS**

I.    **SECTION 1332(a)**

FMLLC may recommence the claims asserted in the District Court Action in state court within thirty days, as the limitations period for the cause of action is tolled by the filing of a federal complaint.  See Jaworowski v. Ciasulli, 490 F.3d 331, 333–36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191–95 (1980).  Or FMLLC may move within thirty days in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the District Court Action in this Court, and simultaneously file supporting documentation:

(1) listing each member within FMLLC on October 22, 2014, and analyzing the citizenship of each member within FMLLC — including Ford Holdings LLC — as it existed on October 22, 2014;

(2) demonstrating which states Friedland and Noce were citizens of on October 22, 2014;

(3) showing the exhibits cited in the complaint; and

(4) demonstrating that the Court has subject-matter jurisdiction under Section 1332(a).

The Court advises FMLLC that jurisdiction is measured "against the state of facts that existed at the time of filing", and thus FMLLC must explicitly allege citizenship as it existed on October 22, 2014.  Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).  The Court further advises FMLLC that an allegation as to where any person

5

resides, is licensed, or has a place of business will not properly invoke the Court's jurisdiction.  See McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegation as to residency is "jurisdictionally inadequate" in action brought under Section 1332(a)(1)); see also O'Brien v. Nowicki, 490 Fed.Appx. 506, 508 n.2 (3d Cir. 2013) (stating "[o]f course, citizenship and residency are not synonymous").

The Court will deny a motion to reopen if FMLLC makes: (1) any allegations that are based upon information and belief; (2) any assertions that are not specific (e.g., citizen of "a state other than New Jersey"); or (3) a request for time to discern jurisdiction. FMLLC should have ascertained subject-matter jurisdiction before choosing to bring the District Court Action.  As FMLLC is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004). FMLLC's "lack of care in invoking the District Court's jurisdiction is regrettable". McNair, 672 F.3d at 219 n.4.

## II.    BANKRUPTCY REFERRAL

The Court, if ultimately granting a motion by FMLLC to reopen the District Court Action, may refer all of the claims asserted in the District Court Action to the Bankruptcy Court.  See 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").

The extent of the Bankruptcy Court's jurisdiction over the claims would depend on whether the District Court Action concerns: (1) a core proceeding; or (2) a non-core proceeding, which is a proceeding that is otherwise related to a case under title 11.  See 28 U.S.C. § 157(b)(2)–(4); see also 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders and judgments in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court enters proposed findings of fact and conclusions of law in non-core proceeding, and district court enters final order or judgment); see also Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220–21 (3d Cir. 2008) (discussing bankruptcy court's jurisdiction).  The Bankruptcy Court itself would determine the extent of that jurisdiction.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners), No. 06-1812, 2007 WL 1213393, at *3–4 (D.N.J. Apr. 23, 2007) (same).

**THE COURT** will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 29, 2014

7